**Clinton Ray HULICK, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15398.**

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Curtis A. Parks, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Donald E. Herrold, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Clinton Ray Hulick, hereinafter referred to as defendant, was charged in the District Court of Tulsa County with the offense of First Degree Burglary, After Former Conviction of a Felony. He entered a plea of guilty to said offense; his punishment was fixed at twenty years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The defendant's sole proposition of error asserts that the punishment is excessive, appearing to have been given under the influence of passion or prejudice. The record reflects that on the day the defendant was scheduled for a jury trial, he entered a plea of guilty. The trial court properly questioned the defendant as to his knowledge of his constitutional rights prior to accepting his plea. It is readily apparent that the defendant, with counsel, knowingly and voluntarily entered a plea

of guilty with full knowledge of the consequences of such plea. The defendant admitted that he was guilty of the offense and that he was apprehended inside the house. He requested a pre-sentence report prior to sentencing, which was granted. The report was unfavorable to the defendant.

This Court has repeatedly held that it is without authority to modify a sentence unless we can conscientiously say under all the facts and circumstances, the sentence was so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264.

After reviewing the record, we are of the opinion that the sentence of twenty years does not shock the conscience of the Court. The trial court had the advantage of a pre-sentence report which reflected three prior felony convictions. The judgment and sentence is hereby affirmed.

NIX and BRETT, JJ., concur.